WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicolai Tavilla, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>Cephalon Incorporated, a Delaware corporation,<br><br>          Defendant. | No.  CV11-0270 PHX DGC<br><br>**ORDER** |

Plaintiffs filed a motion for reconsideration of the Court's May 3, 2012 order (Doc. 94) granting in part and denying in part Defendant's motion for summary judgment. Doc. 96. Defendant has filed a response. Doc. 99. For the reasons that follow, the Court will grant the motion in part and deny it in part.

**I.  Legal Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W.*

*Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

## II. Britny Tavilla's Claim.

The Court found that Arizona's two year statute of limitations barred Plaintiffs' tort claims absent equitable tolling because their causes of action accrued more than two years before they filed their complaint on September 15, 2010. Doc. 94 at 4-8. The Court granted summary judgment as to Donna Tavilla and the Tavilla's adult daughter Britny, but denied summary judgment as to the Tavilla's minor children because the statute of limitations does not accrue under Arizona law until a child turns 18. *Id.* at 8.

Plaintiffs' argue that the Court erred in granting summary judgment as to Briny Tavilla because Defendants had not moved for summary judgment against her and because the statute of limitations did not begin to accrue until she reached her 18th birthday on September 5, 2009. Doc. 96 at 2.

Defendant moved for summary judgment "on Plaintiffs' claims" on statute of limitations grounds (Doc. 75 at 1), but neither party addressed tolling issues with respect to Britny. Plaintiffs have now cited evidence that Britny was born September 5, 1991, demonstrating that she would have turned 18 on September 5, 2009, less than two years before the filing of this lawsuit. Doc. 96 at 2; *see* Doc. 80-7 at 38, ¶ 1. Defendant does not oppose reconsideration on this ground. The Court accordingly will grant Plaintiffs' motion and deny summary judgment as to Britny Tavilla.

## III. Donna Tavilla's claim.

The undisputed facts showed that Donna Tavilla was aware of Mr. Tavilla's addiction to and injuries from Actiq by April of 2007. The Court accordingly held that "the cause of action . . . accrued and the statute of limitations began to run more than two years before Plaintiffs filed suit on September 15, 2010." Doc. 94 at 7. Plaintiffs argue that this was "manifest error" because, under *Lawhon v. L.B.J. Institutional Supply, Inc.*, 756 P.2d 1003, 1007 (Ariz. Ct. App. 1988), the correct question is when Mrs. Tavilla knew "the product ha[d] a causal relation to [her] injury." Doc. 96 at 3, 5. The Court cited to numerous undisputed facts showing that Mrs. Tavilla knew of her husband's

dental injuries and knew or had reason to believe that Actiq was the cause of these injuries. *See* Doc. 94 at 5-8. The Court found this sufficient for her cause of action to accrue, and *Lawhon* does not change the Court's analysis.

The question *Lawhon* addressed was whether a plaintiff who timely filed suit based on product-related injuries, but failed to identify the product manufacturer and product distributor prior to the running of the statute of limitations, either knew or could have discovered this information earlier through reasonable diligence. 756 P.2d at 1004-1007. That is not the question here. Plaintiffs do not dispute that Mrs. Tavilla knew that Actiq caused her husband's injuries, nor do they claim that she did not know or could not have discovered with reasonable diligence that Cephalon was the manufacture of Actiq. Rather, they argue that Mrs. Tavilla did not know that as a non-cancer patient her husband should not have been taking Actiq, and that there is no evidence she knew of her husband's conversations with Cephalon about his injuries or that 36 other customers had made similar complaints. Doc. 96 at 3, 5-6. But none of these facts are necessary for Mrs. Tavilla to have known "both the *what* and *who* elements of causation" (*Lawhon*, 756 P.2d at 1007) – that her husband had suffered injuries as a result of taking Actiq. Under *Lawhon*, as under the other Arizona cases cited in the Court's order, Mrs. Tavilla's claim is time-barred.

To the extent that Plaintiffs argue that the Court erred because Defendants should nonetheless have been estopped from asserting the statute of limitations defense due to fraud (Doc. 96 at 3), this argument is also unavailing. Plaintiffs never asserted that Cephalon defrauded Mrs. Tavilla, and Plaintiffs argued in their response and repeated again in their motion for reconsideration that Mrs. Tavilla was not even aware of the conversations her husband had with Cephalon in which the alleged fraud took place. Moreover, the Court found that the fraud claims upon which Plaintiffs' estoppel arguments were based lacked merit. Doc. 94 at 24.

**IV.    Consumer Fraud Act.**

Plaintiffs sought leave to amend their complaint to add causes of action for fraud

and consumer fraud related to conversations Mr. Tavilla had with various Cephalon representatives. Doc. 85. The Court determined that Plaintiffs had failed to allege facts plausibly showing misrepresentation, concealment, or failure to disclose and that this failure was fatal to both their common law fraud and Consumer Fraud Act ("CFA") claims. Doc. 94 at 24. Plaintiffs argue that new authority undercuts the Court's CFA ruling. Doc. 96 at 7.

In addressing Plaintiffs' CFA claim, the Court cited *Horne v. Autozone Inc.*, 258 P.3d 289, 299 (Ariz. Ct. App. 2011), as "finding that a CFA claim, like a common law fraud claim, can be based on omission only 'when the law imposes a duty to disclose.'" Doc. 94 at 24. Plaintiffs cite the Arizona Supreme Court's recent opinion in *Horne v. Autozone, Inc.*, No. CV-11-0291-PR, 2012 WL 1673071 (Ariz. May 15, 2012), as finding that the CFA itself imposes this duty. Doc. 96 at 7.

*Autozone* considered whether failure to perform a duty under the Arizona Pricing Act constitutes an "act" or an "omission" under the CFA. 2012 WL 1673071 at *3. This was relevant because an omission claim under the CFA requires proof of a material fact and proof that the speaker intended the hearer to rely on omission of that fact in connection with the sale or advertisement of merchandise. *Id.*; *see* A.R.S. § 44–1522(A). The Court of Appeals found that a failure to disclose where there is a separate statutory duty to disclose – in *Autozone*, the duty in the Arizona Pricing Act – renders the failure to disclose an affirmative "act" under the CFA. 258 P.3d 289, 299 (Ariz. Ct. App. 2011). As an "act," the failure to disclose did not require proof of materiality or intent that the hearer rely on the omission. *Id.*

The Arizona Supreme Court disagreed, holding that failure to comply with a separate statutory duty does not automatically transform a failure to disclose from an "omission" to an "act" under the CFA. 2012 WL 1673071 at *3. The Supreme Court noted that an omission does not always constitute an act, and found no evidence that the Arizona legislature intended to blur the common law distinction between acts and omissions when it passed the CFA. *Id.* It went on to state that "[r]ather, the CFA itself

- 4 -

imposes the actionable duty – to refrain from a 'deceptive act or practice' or an 'omission of any material fact with intent that others rely' thereon." *Id.* Plaintiffs cite this sentence to argue that the CFA imposes a duty to disclose.

The Arizona Supreme Court did not address the question of whether an omission under the CFA requires a duty to disclose. Although the language relied on by Plaintiffs could be read out-of-context to have that meaning, the Court cannot conclude that the Arizona Supreme Court so intended. Among other things, as already noted, the Supreme Court acknowledged the difference in the law between acts and omissions and stated that the CFA was not intended to blur that distinction. As noted in the Court's previous order, the Restatement (Second) of Torts reflects this distinction and states that an omission will give rise to liability when a duty to disclose exists. *Compare* Restatement § 525 with § 551. With the distinction between acts and omissions still in existence under the CFA, the Court cannot conclude that the Supreme Court's opinion in *Autozone* has the meaning Plaintiffs contend.

The Court has re-read the Court of Appeals' *Autozone* decision in light of the motion to reconsider and the Supreme Court's recent opinion, and has concluded that this issue was not squarely addressed by the Court of Appeals either. The Court thus erred in concluding that the Court of Appeals' *Autozone* decision stood for the proposition that an omission is actionable under the CFA only when a duty to disclose exists. Doc. 94 at 24. The Court of Appeals, like the Supreme Court, did not address that question. As noted above, however, the Supreme Court did hold that the CFA does not blur the distinction between acts and omissions, and the Court cannot conclude that the common law distinction – which generally requires a duty to disclose before an omission becomes actionable – does not apply under the CFA.

Moreover, even if a duty to disclose is not required for an omission claim under the CFA, the Court found other reasons to deny the motion to add a CFA claim to this case. The Court found that Plaintiffs had failed plausibly to allege omission of material facts, particularly when Mr. Tavilla made complaints to Cephalon representatives clearly

showing that he knew that Actiq caused his injuries, and particularly when Cephalon told him how to make a claim. Doc. 94 at 21-23. The Court articulated these reasons in its analysis of the common law fraud claim (*id.*), but applied them as well to the CFA claim (*id.* at 24). The Arizona Supreme Court's *Autozone* decision – the only basis upon which Plaintiffs seek reconsideration – has no effect on this independent basis for denying leave to add the CFA claim.

**IT IS ORDERED**

1. Plaintiffs' motion for reconsideration (Doc. 96) is **granted in part and denied in part.**
2. Plaintiff Britny Tavilla's loss of consortium claim is reinstated.

Dated this 30th day of May, 2012.

_____
David G. Campbell
United States District Judge