**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicolai Tavilla, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>Cephalon Incorporated, a Delaware corporation,<br><br>                Defendant. | No.   CV11-0270 PHX DGC<br><br>**ORDER** |

The Court held an extended telephone conference with the parties on November 1, 2012, concerning a number of issues. This order will set forth the Court's rulings.

1.     The Court's Second Case Management Order states that "Plaintiff(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **October 5, 2012**." Doc. 103, ¶ 5(a) (emphasis in original). The Court's order also states that "the Court intends to enforce the deadlines set forth in this Order, and [the parties] should plan their litigation activities accordingly." *Id.* ¶ 9.

Defendant argues that Plaintiffs failed to make expert disclosures by the October 5, 2012 deadline. Plaintiffs assert that they previously had disclosed several experts related to the statute of limitations defense, and that Defendant was aware of these experts on the October 5 deadline.

The Court will permit Plaintiffs to stand on expert reports disclosed before the

October 5, 2012 deadline, but will hold those reports, as it does all expert reports, to the requirements set forth in paragraph 5 of the Second Case Management Order. Doc. 103. If Defendant believes any of the reports is deficient under the paragraph 5 requirements, Defendant may raise that issue with the Court.

The deadline for otherwise disclosing plaintiffs' expert reports in this case has passed. The deadline was set at a hearing on May 25, 2012, with the case having been at issue since February of 2011. Plaintiffs have had ample time to make expert disclosures. Plaintiffs' counsel stated during the conference call that his status as a lawyer in this case was in doubt after the Court's order of September 27, 2012, but that order specifically stated that "Mr. Treon is not disqualified for purposes of pretrial litigation[.]" Doc. 130 at 8. Moreover, the order was issued only 8 days before the expert disclosure deadline. Plaintiffs had four months after the Second Case Management Order and 20 months after the commencement of this case to prepare and present expert reports by that deadline. Furthermore, at the hearing on July 11, 2012 to discuss Defendant's intention to file a motion to disqualify Plaintiffs' counsel, the Court specifically stated that the disqualification motion would not change the existing discovery schedule: "my view is this doesn't interrupt the schedule in the case. We're moving ahead with that schedule." Doc. 122 at 14.

2. The Court will order Mr. Tavilla to submit to a Rule 35 psychiatric exam as requested by Defendant. The Court concludes that Mr. Tavilla has placed his mental health in controversy by contending that he was mentally incompetent during years when the statute of limitations was otherwise running, and that Defendant has shown good cause for the exam. Fed. R. Civ. P. 35(a)(2)(A). The exam will occur by November 20, 2012, on a date to be agreed upon by the parties. The exam will last no longer than 6 hours, may include written tests, and will occur at the office of Dr. Pitt.

Plaintiffs argued that the exam is unwarranted because Mr. Tavilla no longer claims to be suffering from a mental impairment, and the exam cannot reveal anything concerning his metal condition during the relevant years of 2004 to 2008. Defendant has

noted, however, that Dr. Pitt believes that an examination of Mr. Tavilla is needed for Dr. Pitt to render an opinion concerning Mr. Tavilla's mental health during the relevant years. The Court has reviewed the case law cited by Plaintiffs, *Benchmaster, Inc. v. Kawaelde*, 107 F.R.D. 752 (D. Mich. 1985), and related cases. The court in *Benchmaster* concluded that "a psychiatrist would not be able to assist the fact finder in determining whether a person suffered, rather than suffers from, an emotional distress or disturbance and, if so, the cause of that emotional suffering. The Court concludes that psychiatric testimony concerning Wokeck's emotional state during the years 1972 through 1982 would be speculative." *Id.* at 753. This Court respectfully cannot reach the same conclusion in this case. If Defendant's expert feels the need to conduct a psychiatric exam in order to opine on Mr. Tavilla's claim of mental incompetency during earlier years, the Court cannot say that Mr. Tavilla's present mental condition and traits are irrelevant to evaluating his claims of previous impairment. Because Mr. Tavilla's mental health is the central issue to be decided during the statute of limitations trial in this case, and Plaintiffs themselves proposed to present testimony from Dr. Sucher that Mr. Tavilla was not competent, the Court concludes that Defendant has shown good cause to conduct the mental exam.

3. The parties and the Court discussed dates for the bench trial on the statute of limitations defense. Because time is needed to complete the mental exam and defense expert disclosures, and because the Court is in trial during the months of January and February and has commitments the first two weeks of March, the statute of limitations trial will be scheduled for three days, March 19-21, 2013. Each side will be allotted **seven** hours of trial time, with the Court keeping track of each side's time. Opening and closing arguments, direct examination, and cross-examination will be counted against a party's time. A final pretrial conference will be scheduled by separate order.

4. The schedule in the Second Case Management Order is adjusted as follows:

a. Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than

1 | **December 14, 2012.**

2 |       b.    Rebuttal expert disclosures, if any, shall be made no later than **January 11, 2013**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

      c.    Expert depositions shall be completed by **February 15, 2013**.

      d.    The deadline for dispositive motions is suspended, and will be rescheduled after the Court's ruling on the statute of limitations trial.

Dated this 2nd day of November, 2012.

_____
David G. Campbell
United States District Judge