Richard T. Treon (No. 002064)
**TREON & AGUIRRE**
A Professional Association of Lawyers
2700 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004-1133
Telephone (602) 285-4400
Fax (602) 285-4483
Direct e-mail: rtt@treonfirm.com
Firm e-mail: treonfirm@treonfirm.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

NICOLAI TAVILLA and DONNA TAVILLA, husband and wife, on behalf of themselves and their two minor daughters, KATHERINE TAVILLA and [minor] TAVILLA, and BRITNY TAVILLA, on behalf of herself,

Plaintiffs,

v.

CEPHALON, INC., a Delaware corporation; JOHN DOES and JANE DOES 1-10; BLACK CORPORATIONS I-X; WHITE CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X;

Defendants.

**NO. CV11-00270-PHX-DGC**

**EMERGENCY MOTION TO WITHDRAW AS COUNSEL OF RECORD**

## I. INTRODUCTION

Plaintiffs' counsel Richard T. Treon moves, pursuant to Rule 83.3(b), Fed.R.Civ.Pro., to withdraw as counsel of record for "good cause shown" because continued representation of the Plaintiffs will result in undersigned counsel's violation of the Rules of Professional Conduct and severely compromise the clients' interest in presenting their case on the merits.. The fundamental problems at work are (1) conflicts of interest and (2) pervasive

deterioration of the working relationship between counsel and his clients. This motion has become necessary now because privileged and confidential information provided to Richard Treon by Plaintiff Nicolai Tavilla has made it clear to him that he cannot represent Plaintiffs in this matter without violating, at a minimum, E.R.s 1.7(a)(1), 1.7(a)(2), 1.16(a)(1), and 1.16(b)(4). Counsel has made diligent effort to overcome these problems and continue the representation, but matters have evolved to the point where continued representation of these clients will violate the Arizona Rules of Professional Conduct, compromise the clients' ability to accomplish their expressed goals in the pending litigation and to proceed with an efficient trial of the issues in this case on their merits.

## II. BASIS FOR MOTION

This Court is familiar with the background facts of this case so they will not be repeated. We were finally able to schedule the depositions of the three Tavilla daughters for Sunday, February 17, 2013, starting at 1:00 p.m. Mr. Bressler, counsel for Defendant Cephalon, kindly agreed to postpone the depositions on a number of occasions and finally to hold the depositions on a Sunday afternoon to convenience the deponents. Of particular concern was the challenging situation presented by Britny Tavilla, who just had her baby four weeks **before** and who had a very difficult pregnancy and serious pre- and post-partum complications.

The events prompting this Motion have been evolving over time, with the precipitating set of events beginning on Friday, February 15, 2013 during deposition preparation. Because the basis for the Motion involves private, personal and confidential

communications between and among undersigned counsel and the Plaintiffs and, in particular, Plaintiff Nicolai Tavilla, undersigned counsel is not at liberty to provide details, including especially communications and interactions, that are the basis for the conflicts that necessitate this Motion.. Suffice it to say, it is the opinion of undersigned counsel that an absolute conflict of interest now exists that prevents undersigned counsel from continuing in represent Nicolai Tavilla and, since his daughters' claims are essentially derivative of his claims, to represent his three daughters. The conflicts between undersigned counsel and Mr. Tavilla are severe and cannot be waived.

The privileged and confidential nature of the communications and interactions preclude undersigned counsel from disclosing them to the Court in this pleading. Undersigned counsel could address them with the Court ex parte and in camera if requested. For the present, undersigned counsel avows to the Court that the circumstances are so significant, severe and unresolveable that this Court should permit undersigned counsel to withdraw from this case.

The Court of Appeals addressed this problem in *Maricopa County Public Defender's Office v. Superior Court.*[1] In that special action, two separate motions to withdraw had been denied by trial courts because the attorneys had refused to disclose the confidential information available to them that indicated there was a conflict. The Court held it was an abuse of discretion to deny withdrawal where there was a thorough statement of the reasons for withdrawal, and counsel avowed to the trial court that a conflict existed:

[1]187 Ariz. 162, 927 P.2d 822 (App. 1996).

> As we see it, the issue has to do with disclosure; the question is whether the trial court should require defense counsel to disclose confidential information when counsel avows that counsel has an ethical conflict requiring withdrawal. We conclude that ordinarily the trial court should not do that. (*Id*. at 166, 927 P.2d at 826.)

The Court emphasized that counsel's avowal to the trial court that an ethical conflict exists is entitled to great weight. "[A]ttorneys are officers of the court, and 'when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." (*Id*., citations omitted.) The Court specifically held that the weight given the attorney's avowal should outweigh concerns that attorneys will abuse the privilege. The Court emphasized that the trial court could explore the adequacy of counsel's representations about the conflict, provided it did not require disclosure of confidential information.

Another reason for this Motion involves Cephalon's submission of an expert, Mark Harrison, to render opinions regarding the conduct of undersigned counsel in handling the representation of Mr. Tavilla during the time Mr. Tavilla was, in undersigned counsel's opinion, of unsound mind because of his inability to manage his day-to-day affairs. Mr. Harrison's opinions as stated in his report suggest grounds for undersigned counsel to have a conflict of interest. Further facts have become known to undersigned counsel through privileged communications since February 15, 2013 that undersigned counsel must take into consideration in determining whether under the circumstances he can continue as counsel for Plaintiff Nicolai Tavilla at this point. Undersigned counsel has concluded that this is yet another reason he should move to withdraw as counsel.

Another complicating fact arising out of Britny Tavilla's very problematic pregnancy and the post-partum medical complications is the fact that unfortunately, the deposition went very badly for Britny. She was only able to give a partial deposition and, during the last one-third of it, she had to begin nursing her baby who had become "fussy" which caused her to be distracted and thereafter unfocused. More than that, she was very anxious and totally stressed out over the experience.

Britny finally asked for a recess at which time she reported to undersigned counsel that, "I cannot do this," and asked for the deposition to be stopped. Counsel for Cephalon did not agree to a recess, but simply indicated that he would take no position on the issue. Since then, counsel for Cephalon has been pressing for the resumption of the deposition. This has been very stressful for Britny.

Britny Tavilla's condition is medically precarious. Neither she nor her parents believes that she can handle the stress of a 3-day trial, courtroom testimony or, indeed, even completing a deposition.

This is an entirely separate ground necessitating that this trial be continued. However, we wanted to advise the Court on behalf of Britny Tavilla of its existence.

Undersigned counsel assures the Court that this motion is not being filed to delay the trial in this action. Undersigned counsel has been prepared and had every intention to proceed to trial on March 19 before the events of the weekend of February 15, 2013 and thereafter occurred.

Undersigned counsel has been actively practicing in the state and federal courts in Arizona since 1967 and has never previously filed a motion of this type. Undersigned counsel apologizes to the Court and defense counsel for any delay and inconvenience caused by this development. However, this Motion is necessary and undersigned counsel respectfully requests the Court's earliest consideration of the relief requested.

RESPECTFULLY SUBMITTED this 25th day of February, 2013.

**TREON & AGUIRRE, P.A.**

By *_/s/ Richard T. Treon_*

Richard T. Treon
2700 N. Central Avenue, #1400
Phoenix, AZ 85004-1133
*Attorneys for Plaintiffs*

E-FILED this 25th day of February, 2013, with:

Clerk of the United States District Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF participants:

Stephen M. Bressler
Kathleen Kahn
Lewis and Roca, LLP
40 N. Central Avenue, 19th Floor
Phoenix, AZ 85004-4429
SBressler@lrlaw.com
Kkahn@lrlaw.com

and

John F. Brenner
Pepper Hamilton, LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08543

brennerj@pepperlaw.com
*Attorneys for Defendant Cephalon, Inc.*

By *_/s/ Monica R. Ruiz_*
Monica R. Ruiz