**LEWIS AND ROCA LLP — LAWYERS**

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Stephen M. Bressler, State Bar No. 09032
  Direct Dial: (602) 262-5376
  Direct Fax: (602) 734-3742
  Email: SBressler@LRLaw.com
Kathleen Kahn, State Bar No. 027350
  Direct Dial: (602) 262-5792
  Direct Fax: (602) 734-3910
  Email: KKahn@LRLaw.com

Pepper Hamilton LLP
301 Carnegie Center, Suite 400
Princeton, New Jersey 08543

John F. Brenner, admitted *pro hac vice*
  Direct Dial: (609) 951-4193
  Direct Fax: (609) 452-1147
  Email: BrennerJ@PepperLaw.com

Attorneys for Defendant Cephalon, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| NICOLAI TAVILLA on behalf of himself and his two minor daughters, K.T., A.T.; and BRITNY TAVILLA, on behalf of herself,<br><br>             Plaintiffs,<br><br>     vs.<br><br>CEPHALON, INC.,<br><br>             Defendant. | No. CV11-00270-PHX-DGC<br><br>**DEFENDANT CEPHALON'S OPPOSITION TO MOTION TO FILE UNDER SEAL NOTICE TO COURT OF INFORMATION . . . AND FOR ADVICE REGARDING SERVICE (Doc. 180)** |

Defendant Cephalon, Inc. opposes Richard Treon's Motion to File Under Seal Notice to Court of Information . . . and for Advice Regarding Service. (Doc. 180) Mr. Treon is no longer counsel of record in this case; he is a fact witness. He has no standing to file motions with the Court and should not be communicating *ex parte* with the Court.

**1.     Introduction.**

The Court will recall Mr. Treon filed an Emergency Motion To Withdraw As Counsel Of Record, shortly before the parties were to have a trial on the statute of limitations issue. (Doc. 169) Mr. Treon claimed that he had a conflict of interest. After two hearings and with his clients present at the second hearing, the Court granted his request (doc. 175). The Court gave plaintiffs 60 days to obtain new counsel (*id.*). New counsel, if any, was to file a notice of appearance with the Court by May 3, 2013 (*id.*).

1  The Court scheduled a status conference for May 10, 2013 at 4:00 p.m. for the purpose of
2  rescheduling trial.  The status conference was later reset to May 9 at 4:00 p.m.
3  No counsel appeared by May 3.  Then, two days before the May 9 hearing (at
4  10:04 pm), Mr. Treon filed a "Motion To File Under Seal Notice To Court Of
5  Information . . . And For Advice Regarding Service".  (Doc. 180)  In a request that is
6  confusing, he apparently seeks to provide *ex parte* factual information to the Court
7  regarding Mr. Tavilla's health.
8  The request should be denied.  If Mr. Treon has any competent and admissible
9  information to provide, then he can provide it in his capacity as a fact witness.

10  **2.**     **Mr. Treon's Motion Should be Denied.**

11         **A.**     **Mr. Treon Has Withdrawn as Plaintiffs' Counsel and Lacks Authority to File on Plaintiffs' Behalf.**
12

13  At Mr. Treon's request, he was dismissed from this case.  He is no longer counsel
14  of record.  Mr. Treon remains a fact witness in this case based on declarations he has
15  submitted to the Court regarding Nick Tavilla's mental competency.  As merely a fact
16  witness, Mr. Treon has no authority to file documents with the Court.  Mr. Treon should
17  not be communicating with the Court following his withdrawal as plaintiffs' counsel, and
18  should not be permitted to attempt to enter an appearance at the May 9 conference or to
19  address the Court.

20         **B.**     **The Communications Between Plaintiffs and Mr. Treon Are Not Privileged.**
21

22  The only basis that Mr. Treon asserts to justify his Motion is that the Notice
23  contains communications between him and his former clients.  Mr. Treon has withdrawn
24  from his representation of plaintiffs due to an ethical conflict of interest.  Any subsequent
25  communications between plaintiffs and Mr. Treon are not protected by the attorney-client
26  privilege.
27  To the extent that any attorney-client privilege attaches to the information, it
28  should not be shared with the Court.  Should Mr. Treon be permitted to divulge this

2

2883773.1

information to the Court, plaintiffs could move for disqualification on this ground. For this reason, the Court declined plaintiffs' previous attempts at *ex parte* communications:

> I can't listen to just one side of the case. There are very rare circumstances where that's appropriate, but it almost never is because I need to be neutral, and they wouldn't know what you've said to me, they wouldn't know how that might affect my judgment on a case. <u>If you did have that kind of a conversation with me, I would probably have to withdraw from the case</u>, and then we've got the problem of giving it to a new judge who doesn't have the history of the case and know all about it and we're starting fresh with that new judge.

(RT 3/1/13 at 9:15-24) (emphasis added).

### C. Mr. Treon's Continued Involvement Could Prejudice Cephalon on Appeal.

Mr. Treon's attempts to interject himself in this case after withdrawing as plaintiffs' counsel potentially compromises any judgment or verdict in Cephalon's favor. Mr. Treon has been relieved as counsel due to a stated conflict with plaintiffs that implicated ethical concerns and prevented his continued representation. Should Cephalon prevail, Mr. Treon's continued involvement, through this Motion or otherwise, could result in plaintiffs challenging any rulings against them by alleging that these proceedings were tainted by Mr. Treon's actions. Defense counsel raised this issue at the March 1, 2013 hearing and opposed Mr. Treon's suggestion that he continue to represent plaintiffs following the 60 day period for plaintiffs to seek new counsel. The Court agreed: "I think defense counsel makes a fair point that if Mr. Treon continues in the case, we create appellate issues as well." (RT 3/1/13 at 14:18-20) Mr. Treon has withdrawn from representing plaintiffs in this matter and cannot continue to act on their behalf.

### D. There is No Compelling Reason or Good Cause for Mr. Treon's Motion to Seal.

Aside from the impropriety of Mr. Treon filing briefs with the Court following his withdrawal, Mr. Treon's motion to seal has no basis in the Federal Rules of Civil

1  Procedure or Federal Rules of Evidence.  Two standards generally govern motions to seal
2  documents: a "compelling reasons" standard and a "good cause" standard.  *Pintos v. Pac.*
3  *Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).  Mr. Treon's motion fails under both
4  standards.

5      The "compelling reasons" standard applies to most judicial records.  *See*
6  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To limit
7  this presumption of the right of access to judicial documents, "a party seeking to seal
8  judicial records must show that compelling reasons supported by specific factual findings
9  ... outweigh the general history of access and the public policies favoring disclosure."
10 *Pintos*, 605 F.3d at 678 (internal quotations and citation omitted).

11     Federal Rule of Civil Procedure 26(c)'s "good cause" standard applies to private
12 discovery materials and provides that a trial court may grant protective orders to protect a
13 party from annoyance, embarrassment, oppression or undue burden or expense.  *Id.*

14     Mr. Treon's Motion fails to articulate any legitimate basis for sealing the Notice of
15 Information Regarding Mr. Tavilla's Health, let alone a compelling reason or good cause.
16 Plaintiff Nick Tavilla's medical condition is a central issue in this personal injury case.
17 Information about Mr. Tavilla's health should be received by the Court and parties in
18 accordance with the Federal Rules of Civil Procedure and Evidence, rather than through
19 *ex parte* communications that plaintiffs seek to conceal from Cephalon.  *See Krieger v.*
20 *Nationwide Mut. Ins. Co.*, 2012 WL 1623158 (D. Ariz. May 9, 2012) (denying motion to
21 seal and observing "Plaintiff's sole argument is that these documents include Plaintiff's
22 'sensitive medical and personal information.' Such generalized statements supporting
23 sealing are inadequate . . . Plaintiff put his medical condition at issue when he filed for
24 benefits . . . The mere assertion that Plaintiff considers medical and personal information
25 sensitive does not amount to a compelling reason to seal."); *TriQuint Semiconductor, Inc.*
26 *v. Avago Techs. Ltd.*, 2011 WL 4947343, at *4 (D. Ariz. Oct. 18, 2011) (denying motion
27 to seal and stating "[t]he mere assertion that [plaintiff] considers profit information
28 sensitive and highly confidential does not amount to a compelling reason").

2883773.1

### 3. Information Regarding Mr. Tavilla's Health Should not be Communicated to the Court In This Manner

This is a personal injury case. Information regarding Mr. Tavilla's health should be presented to the Court, if at all, in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, not by *ex parte* communication with the Court. The Rules do not sanction efforts by third parties to provide the Court with *ex parte* "information" about a plaintiff's health. There is no recognized procedure or justification for Mr. Treon's efforts to do so.

### 4. Conclusion.

For the foregoing reasons, the Court should deny Mr. Treon's Motion and not permit Mr. Treon to file a Notice to Court of Information Regarding Mr. Tavilla's Health, or any other documents in this matter.

RESPECTFULLY SUBMITTED this 8th day of May, 2013.

| LEWIS AND ROCA LLP | PEPPER HAMILTON LLP |
|---|---|
| By /s/ *Stephen M. Bressler*<br>Stephen M. Bressler<br>Kathleen Kahn | By /s/ *John F. Brenner*<br>John F. Brenner |

*Attorneys for Defendant Cephalon*

2883773.1

**CERTIFICATE OF SERVICE**

I certify that on May 8, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

I hereby further certify that on May 8, 2013, I served the attached document by U.S. mail to:

Nicolai Tavilla
3038 E Avalon Dr.
Phoenix, AZ 85016

Britny Tavilla
3038 E Avalon Dr.
Phoenix, AZ 85016

Donna Tavilla
3038 E Avalon Dr.
Phoenix, AZ 85016

Richard T. Treon
Treon & Aguirre
2700 N. Central Avenue, Suite 1400
Phoenix, Arizona  85004

*/s/ Kim P. Schueneman*