Lewis Roca Rothgerber LLP
40 North Central Avenue, 19th Floor
Phoenix, Arizona 85004-4429
Telephone: 602.262.5311

Stephen M. Bressler, State Bar No. 09032
 Direct Dial: 602.262.5376
 Direct Fax: 602.734.3742
 Email: SBressler@LRRLaw.com

Kathleen Kahn, State Bar No. 027350
 Direct Dial: (602) 262-5792
 Direct Fax: (602) 734-3910
 Email: KKahn@LRRLaw.com

Pepper Hamilton LLP
301 Carnegie Center, Suite 400
Princeton, New Jersey 08543

John F. Brenner, admitted *pro hac vice*
 Direct Dial: (609) 951-4193
 Direct Fax: (609) 452-1147
 Email: BrennerJ@PepperLaw.com

Attorneys for Defendant Cephalon, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Nicolai Tavilla, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Cephalon, Inc., <br><br> Defendant. | No. CV11-00270-PHX-DGC <br><br> **SUPPLEMENTAL STATUS REPORT** |

Defendant Cephalon, Inc. supplements its Status Report of July 19, 2013 (dkt. 193).[1]

1. The parties participated in a settlement conference with Magistrate Judge Bade on June 19, 2013, and settled this matter. A copy of the written agreement was provided to the Court (with the settlement amount redacted) with the July 19 status report.

2. The written agreement provided several conditions precedent to payment:

    a. The plaintiffs (and Mrs. Tavilla who was previously dismissed from this lawsuit) would execute releases of all claims and potential claims against Cephalon;

    b. The plaintiffs would obtain appropriate court approval of the

---

[1] Cephalon contacted the Tavillas and asked them to contribute to the Status Report, but received no response.

3745934.1

settlement on behalf of A.T., a minor;

  c. Before disbursement of any settlement funds, Cephalon would receive assurance satisfactory to it, it will not be the subject of any claims by any lien holder against these settlement proceeds, including but not limited to any attorneys; and

  d. The Tavillas would provide Social Security numbers, dates of birth, and any other information necessary to permit Cephalon to meet its reporting obligations to the federal government.

 3. On June 27, Cephalon's counsel forwarded to plaintiffs a "Confidential Settlement Agreement, Release, Indemnity and Covenant Not to Sue" (Settlement Agreement/Release), a copy of which was also provided to the Court (with the settlement amount redacted).

 4. The parties appeared at a Status Conference before this Court on June 28, 2013. After hearing from the parties, the Court directed that:

  a. Plaintiffs were to provide to Cephalon the Social Security number of the minor plaintiff (in order that it could meet its obligations under the Medicare Secondary Payer Statute or related statutes);

  b. By the end of the following week (*i.e.*, July 5), plaintiffs were to provide a signed copy of the Settlement Agreement/Release or feedback about it; any unresolved issues were to be presented to Magistrate Judge Bade;

  c. Issues related to the discharge of liens, if any, involving former attorney Treon were to be resolved; and

  d. The parties provide a status report to the Court in 21 days. (Hearing transcript, p. 15, lines 9-12)

 5. Plaintiffs provided the Social Security number of minor A.T.; Cephalon complied with its federal reporting obligations regarding possible Medicare/Medicaid liens.

 6. Plaintiffs did not sign the proffered Settlement Agreement/Release, nor did they provide specific objections to it. Instead, they requested a conference with

Magistrate Judge Bade, which was set for July 3, 2013.

7. On July 3, 2013, Magistrate Judge Bade conducted a telephone conference with the parties. Although the Tavillas expressed concerns about the length of the Settlement Agreement/Release, they did not articulate specific objections to any of its terms. On the issue of liens, the Tavillas inquired if they could advise their former attorney, Mr. Treon, of the amount of the settlement, so they could attempt to clarify his position as to whether he intended to pursue any liens he might claim to hold. Cephalon's counsel advised the Court they would contact their client for permission to make such a disclosure. On July 8, 2013, Cephalon's counsel advised the Tavillas, by email, that they could inform Mr. Treon that they had settled the case "for less than $[redacted]." .

8. Subsequently, Cephalon's counsel's counsel sent three emails to the Tavillas inquiring about the status of the Settlement Agreement/Release and their other obligations under the Settlement Agreement. The Tavillas did not respond.

9. After not getting input from the Tavillas, Cephalon filed a Status Report on July 19, 2013.

10. By Order dated July 23, 2013, the Court directed the Tavillas to file a response to Cephalon's status report, including their position on settlement, by August 6, 2013. (dkt. 194)

11. To date, the Tavillas have not filed a response to Cephalon's status report.

12. Cephalon's position is that this case has been settled, and that settlement funds will be transferred once plaintiffs meet each of the conditions set forth in the June 19, 2013 Settlement Agreement.

13. This Court was advised by Magistrate Judge Bade and the parties that the case has been settled. Plaintiffs have never challenged the fact of settlement. Accordingly, this matter should be removed from the Court's docket, and Cephalon respectfully submits that the Court should, by way of Order to Show Cause or other appropriate process, enter an Order of Dismissal, with prejudice.

3745934.1

14. Should plaintiffs contest the fact of settlement, Cephalon respectfully requests permission to promptly file a motion for summary judgment based on the adequacy of the product warnings at issue. That motion would detail how it is undisputed that the FDA-approved warnings accompanying Actiq warned of the very risks of which plaintiffs complain, and that such warnings are adequate as a matter of law.

Dated this 12th day of September, 2013.

| LEWIS AND ROCA LLP | PEPPER HAMILTON LLP |
|---|---|
| By: *s/Stephen M. Bressler* <br> Stephen M. Bressler <br> Kathleen Kahn | By: *s/John F. Brenner* <br> John F. Brenner |

*Attorneys for Defendant Cephalon*

### CERTIFICATE OF SERVICE

I certify that on this 12th day of September, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

I further certify that on this 12th day of September, 2013, I served the attached document by U.S. mail to:

Nicolai Tavilla
3038 E Avalon Dr.
Phoenix, AZ 85016

Donna Tavilla
3038 E Avalon Dr.
Phoenix, AZ 85016

Britny Tavilla (Ybarra)
3038 E Avalon Dr.
Phoenix, AZ 85016

Katherine Tavilla
3038 E Avalon Dr.
Phoenix, AZ 85016

*/s/ Kim Schueneman*

3745934.1